# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-643

STATE OF LOUISIANA

VERSUS

RONNIE WHITE-HARDISON

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C12884
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Marc T. Amy and James T. Genovese, Judges.

**AFFIRMED.**

**Van Hardin Kyzar**
**District Attorney**
**Lala Brittain Sylvester**
**Assistant District Attorney**
**Post Office Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**James E. Beal**
**Louisiana Appellate Project**
**Post Office Box 307**
**Jonesboro, LA 71251-0307**
**(318) 259-2391**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Ronnie White-Hardison**

AMY, Judge.

The defendant was charged with distribution of cocaine, a violation of La.R.S. 40:967. A jury found him guilty as charged. He was sentenced to serve twelve years in prison, two of which must be served without the benefit of probation, parole, or suspension of sentence. The defendant appeals, contending that he was denied his constitutional right to testify. As explained below, we affirm.

## Factual and Procedural Background

The defendant, Ronnie White-Hardison, was charged by bill of information with distribution of a controlled dangerous substance classified as a Schedule II narcotic, in violation of La.R.S. 40:967(A). The State alleged that two undercover agents were driving around the defendant's neighborhood, when the defendant approached the car and sold the agents thirty dollars worth of cocaine. At trial, the State introduced a video-tape of the alleged transaction. The agents testified that after they received the cocaine from the defendant, they immediately brought it to a detective assigned to the case, who then sent it to the assistant police chief and, ultimately, to a crime lab for identification purposes. After listening to testimony and reviewing the evidence presented, a jury unanimously found the defendant guilty as charged.

A pre-sentence investigation report was ordered. After a hearing, the defendant was sentenced to serve twelve years in the custody of the Louisiana Department of Corrections, with credit for time served, and with two years of the sentence to be served without benefits. The sentence was ordered to run concurrently with any other sentence the defendant may be serving. The defendant appeals, asserting a sole assignment of error: he was denied his constitutional right to testify. For the reasons that follow, we affirm.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

*Right to Testify*

On appeal, the defendant asserts that he was denied the right to testify at his own trial, claiming that "for the first time, at sentencing, [he] attempted to give his version of the events depicted in the film of the alleged drug transaction." He claimed his actions in the video-tape represented his effort to protect the undercover agents but he did not have an opportunity to offer that explanation at trial. At the sentencing hearing, he stated:

> And uh, I wasn't never familiar with going to trial and the confusion of my life . . . that it was just a wishy washy thing, with one telling me a sentence on fifteen (15) and the other telling me one on ten (10). And what I didn't understand was . . . I didn't know I would have to go through the process without speaking up for myself during the incident of the trial, you know. Because it was something I wanted to say about the trial. You know I didn't . . . I didn't mean . . . what happened was when I heard through the last end of the verdict was that y'all was keeping the streets clean from people that sell drugs, you know. And uh, what I was just wanting to explain that it wasn't in no particular way that I was introduced to be a drug dealer like that. It was . . . what I was trying to tell this narcotic officer, me trying to be a good person, seeing something fixing to happen to him. . . . And what I wanted to say was, I was trying to defend them, telling them that they should . . . they should leave . . . don't come around here like that, you know.

He further asserted:

> That's all I just wanted to know what was the punishment could have been for me for a mistake like that, instead of going to prison for a long time. I was asking what could a punishment through a true judgment be instead of that, because I told the truth. But I didn't get a chance to do it at trial, because he said that would mess my record up. I don't know, that was my first time going to trial.

2

At the hearing the defendant also stated that "he wouldn't even let me talk" and "I didn't get a chance to explain myself to this matter." In his brief, he contends that:

> [d]efense counsel was present throughout the sentencing proceeding, but did not state anything contrary to the defendant's contentions on the record. When asked if [the defendant's attorney] had any questions of [him]. . . defense counsel did not ask [him] anything, leaving the statement of the defendant un-contradicted as to defendant's denial of his right to testify.

The defendant argues that his conviction should be vacated and set aside and that a new trial be granted on the ground that the defendant was denied his right to testify at trial.

The supreme court discussed a defendant's right to testify in *State v. Shaw*, 06-2467, pp. 21-22 (La. 11/27/07), 969 So.2d 1233, 1246:

> An accused's right to testify is a fundamental right of constitutional dimension. *Rock v. Arkansas*, 483 U.S. 44, 51-53, 107 S.Ct. 2704, 2710, 97 L.Ed.2d 37 (1987); *State v. Hampton*, 00-0522, pp. 4-5 (La.3/22/02), 818 So.2d 720, 723-724. Because the right is personal, it may be relinquished only by the defendant, and the defendant's relinquishment of the right must be knowing and intentional. *Hampton*, 00-0522 at 7, 818 So.2d at 725.
>
> In *Hampton*, this court established a framework for determining whether a defendant's right to testify was violated or waived by his silence during trial. In doing so, a plurality commented in dicta that absent extraordinary circumstances that should alert the trial court to a conflict between attorney and client, the court should not inquire into a criminal defendant's right to testify; rather, the court should assume that a criminal defendant, by not attempting to take the stand, has knowingly and voluntarily waived his right. *Hampton*, 00-0522 at 14, 818 So.2d at 729, *quoting Passos-Paternina v. United States*, 12 F.Supp.2d 231 (D.P.R.1998).

In *Hampton*, the supreme court discussed the guidelines set forth in *Passos-Paternina*:

> In determining whether a defendant's right to testify was violated or waived by his silence during trial, we can look to *Passos-Paternina v. United States*, 12 F.Supp.2d 231 (D.P.R.1998), for guidance. As a guideline, the *Passos-Paternina* court held:

(1) absent extraordinary circumstances that should alert the trial court to a conflict between attorney and client, the court should not inquire into a criminal defendant's right to testify. The court should assume, that a criminal defendant, by not 'attempting to take the stand,' has knowingly and voluntarily waived his right;

(2) the court must consider whether the petitioner has waived his right to testify. . . . [The defendant can only] rebut that presumption . . . by showing that his attorney caused him to forego his right to testify [ (a) by alleging specific facts, including an affidavit by the defendant's trial counsel] from which the court could reasonably find that trial counsel 'told [the defendant] that he was legally forbidden to testify or in some similar way compelled him to remain silent . . .'[']['] (b) by demonstrating from the record] that those 'specific factual allegations would be credible . . .'

*Id*. at 239-40 (citations omitted). We find this framework persuasive. *Passos-Paternina* also lists a third factor for consideration. However, because the third factor employs a harmless-error analysis to denial of a fundamental right, we decline to adopt it from the Puerto Rico District Court. The jurisprudence of both the U.S. Supreme Court and this Court is well-settled in that denial of a fundamental right is not amenable to harmless-error. *See McKaskle v. Wiggins*, 465 U.S. at 177 n. 8, 104 S.Ct. 944; *Fulminante*, 499 U.S. at 302, 111 S.Ct. 1246; *State v. Dauzart*, 769 So.2d at 1210.

*Hampton*, 818 So.2d at 729-30 (footnote omitted).

There is nothing in the trial transcript to suggest that the defendant expressed a desire to testify. Further, there is no affidavit by the defendant's counsel, indicating he interfered with the defendant's right and wish to testify. We find that the defendant has not rebutted the presumption that his silence at trial equated to a waiver of his right to testify. Accordingly, this assignment of error lacks merit.

4

## DECREE

For the foregoing reasons, the defendant's conviction for distribution of cocaine is affirmed.

**AFFIRMED.**